In re MALLOW HOTEL CORPORATION.

In re WILKES–BARRE HOTEL CO.

Nos. 9287, 9476.

District Court, M. D. Pennsylvania.

Oct. 25, 1939.

Homer R. Mallow, in pro. per.

Felix W. Bolowicz, of Wilkes-Barre, Pa., for trustees of Mallow Hotel Corporation.

Neil Chrisman, of Wilkes-Barre, Pa., for Sterling Hotel Co.

JOHNSON, District Judge.

On August 25, 1939, Homer R. Mallow, on behalf of himself and others, filed with this Court a petition for rule to show cause why the Court should not vacate its orders of May 4, 1939, and March 24, 1938. The order of May 4, 1939, finally confirmed the First and Final Account of the Surviving Trustees of the Mallow Hotel Corporation. The order of March 24, 1938, stayed proceedings relative to the granting of a final decree. The rule prayed for was granted, argued September 11, 1939, and the matter is now before the Court for disposition. The orders of May 4, 1939, and March 24, 1938, will be separately considered.

Order of May 4, 1939, Confirming the First and Final Account of the Surviving Trustees of the Mallow Hotel Corporation.

On November 16, 1937, there was filed with David Rosenthal, Special Master, the First and Final Report and Account of Thomas M. Lewis and Andrew J. Sordoni, Surviving Trustees of Mallow Hotel Corporation. Mr. Rosenthal gave notice that the report and account had been filed and that its confirmation would be recommended to the Court unless exceptions were filed before 10:00 A. M., November 29, 1937. November 29th, Homer R. Mallow filed with the Special Master exceptions to the report and account. At the request of Mallow, the Special Master deferred hearing on the exceptions until December 13, 1937. By Order of Court dated December 3, 1937, hearing on the exceptions was further stayed, pending decision on a petition of Mallow to inspect the books, records and papers of the trustees of the debtor corporation. Answers to both the exceptions and petition to inspect the books were filed by the trustees, and on December 13, 1937, hearing was had by the Court on the petition to inspect the books and records. At the hearing both parties presented arguments on the exceptions as well, and it was agreed that the Court should decide both matters. By opinion dated December 31, 1937 the Court dismissed the exceptions to the trustees' first and final account. January 10, 1938, Mallow filed notice of intention to appeal from the order of December 31, 1937, dismissing exceptions to the trustees' first and final account. January 29, 1938, Mallow filed his petition for appeal with assignments of error, and on the same day the petition was granted and appeal allowed. March 5, 1938, Mallow filed a petition asking leave to file amended exception No. 1 to the trustees' account. On the same day the Court denied the petition for the reason that "all

of the exceptions to the trustees' account and the opinion of the Court thereon are pending before the Circuit Court of Appeals for the Third Circuit upon an appeal taken by petitioner". March 22, 1938, Mallow filed petition for reargument of motion for leave to file amended exception No. 1 to the trustees' account. By order of March 22, 1938, the Court refused the petition, stating that it should be presented to the Circuit Court of Appeals for the Third Circuit before whom all exceptions were then pending. October 3, 1938, the Circuit Court of Appeals, dismissed the appeal of Mallow because he failed to arrange for printing the record, did not print or file any briefs on appeal, and, being present, failed to advance any satisfactory reason for such failures. May 4, 1939, this Court entered an order confirming the first and final account of the surviving trustees of Mallow Hotel Corporation. June 3, 1939, Mallow filed notice of appeal to the Circuit Court of Appeals for the Third Circuit from the order of May 4, 1939, confirming the first and final account of the trustees. July 12, 1939, Mallow filed petition for extension of time for filing the record and docketing the appeal. An Order of Court dated July 12, 1939, granted the petition, allowing 90 days from June 3, 1939, for filing the record and docketing the appeal. On August 31, 1939, Mallow filed a petition for further extension of time for filing the record and docketing the appeal. This petition was denied on September 1, 1939, for the reason that the Court had already extended the time to the full limit allowed under Rule 73(g) of the Rules of Civil Procedure for the District Courts of the United States, 28 U.S.C.A. following section 723c. So far as the record shows, Mallow has allowed his latest appeal to lapse by failure to follow the requisite procedure for filing the record and docketing the appeal.

Having been given every consideration and every possible opportunity to establish the merit of his objections to the trustees' first and final account, and having failed consistently to take advantage of those opportunities as evidenced by the above recital of the record, Mallow is once more attacking the account by asking this Court to vacate its order of May 4, 1939, confirming said account. Mallow assigns as reasons for his request the fact that "exceptions and objections were pending before the Special Master that were not disposed of", and apparently also because he thinks the order of May 4, 1939, confirming the account should not have been entered in view of the stay order granted March 24, 1938.

It is proper to point out here that to date the record of these proceedings is clear and correct in every particular, but apparently the petitioner does not understand this because he fails to understand the provisions of section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, (now Chapter X of the Chandler Act, 11 U.S.C.A. § 501 et seq.,) and the distinctions laid down there between what is to be done by the trustees of the debtor corporation and what is to be done by the reorganized corporation. In brief, section 77B provides for the appointment of trustees to care for the property of the debtor until the plan of reorganization is approved by the Court. When the plan of reorganization is approved and confirmed and the trustees have turned over the property of the debtor to the reorganized corporation, the duties of the trustees are completed, and their final account may be confirmed without regard to anything which may yet remain to be done *by the reorganized corporation.* Entirely separate and distinct from the duties of the trustees are the duties of the reorganized corporation, here the Sterling Hotel Company. After the plan of reorganization is confirmed and the property of the debtor turned over to the reorganized corporation by the trustees, there still remains to be filed by the reorganized corporation a report showing that the plan of reorganization has been carried out as approved and confirmed by the Court. When such report is filed and approved by the Court the case is then ripe for a final decree stating that the plan of reorganization has been fully accomplished and carried out and discharging the debtor corporation from all its debts, claims and liabilities, excepting such debts as are by law excepted from the operation of a discharge in bankruptcy. It should be particularly noted that the confirmation of the trustees' final account and the granting of a final decree are thus two separate and distinct acts, not otherwise interrelated than by reason of the fact that they are both parts of section 77B.

The order of March 24, 1938, which Mallow interposes as a reason for vacating the order of May 4, 1939, confirming the first and final account of the trustees, is an order staying proceedings relative to the *granting of a final decree,* has nothing to do with staying confirmation of the account of the trustees, and by its terms clearly shows

that it is not meant to stay proceedings concerning the account of the trustees, for the order stays proceedings relative to a final decree "until after the pending proceedings in connection with the final report and account of the trustees of the Mallow Hotel Corporation are finally adjudicated by the Court".

The exceptions, which Mallow alleges were pending before the Special Master and should have been considered before confirmation of the trustees' final account, are by Mr. Mallow's own terminology both in form and substance "Objections and exceptions to the granting and entry of a final decree". Nowhere are there pending any unheard objections to the confirmation of the first and final account of the trustees of the Mallow Hotel Corporation.

The petitioner has therefore not advanced any reason why the order confirming the first and final account of the trustees of Mallow Hotel Corporation should be vacated.

Order of March 24, 1938, Staying Proceedings Relative to Granting a Final Decree until the Plan of Reorganization Has Been Complied with and until After Disposition of Proceedings in Connection with the Final Report and Account of Trustees of Mallow Hotel Corporation.

June 1, 1937, this Court entered an order providing, inter alia, that the proposed plan of reorganization was approved, that the debtors should proceed to carry it into effect, and that the Sterling Hotel Company should file its report showing compliance with the plan at a time to be fixed by the Court. February 14, 1938, the Special Master filed a report recommending that the Mallow Hotel Corporation and the Wilkes-Barre Hotel Company in the consolidated reorganization proceedings, that is, the Sterling Hotel Company, be directed to file its report in accordance with the order of June 1, 1937. February 16, 1938, the Court entered an order directing this report to be filed, and directing the Special Master to give ten days' written notice to all parties in interest for opportunity to file exceptions to the granting of a final decree, for the discharge of the Mallow Hotel Corporation and the Wilkes-Barre Hotel Company and for termination and closing of proceedings in these cases. February 18, 1938, the Special Master gave notice as directed, and on March 3, 1938, Mallow filed "Objections and exceptions to the granting

and entry of a final decree". March 24, 1938, on petition of the Sterling Hotel Company, the Court entered an order staying all matters referred to in the order of February 16, 1938, until the plan of reorganization as approved June 1, 1937, should be complied with and until the final account of the trustees had been adjudicated. The exceptions to the granting of a final decree, filed with David Rosenthal, Special Master, on March 3, 1938, were never heard and nothing further was done in the matter of granting a final decree for the reason that no final report was ever filed by the Sterling Hotel Company showing compliance with the plan of reorganization as approved June 1, 1937. September 11, 1939, the Sterling Hotel Company filed with this Court its final report, praying for entry of a final decree and discharge in these proceedings.

In the present proceeding the petitioner, Mallow, asks the Court to vacate the stay order of March 24, 1938, and direct the Sterling Hotel Company to file its report as required in proceedings under section 77B. The report has, of course, been filed now, but it is still proper to vacate the stay order of March 24, 1938, and direct further steps to be taken toward the granting of a final decree. In these further steps the exceptions to the granting of a final decree which are pending before the Special Master and which have never been heard, will be considered. In fact, this will be the earliest time at which it would be proper to consider them for action on them had been stayed by the order of Court of March 24, 1938.

It is therefore ordered and decreed that the rule granted August 25, 1939 be and the same is hereby discharged insofar as it relates to vacating the order of this Court dated May 4, 1939, which order confirmed the first and final account of the trustees of the Mallow Hotel Corporation.

It is further ordered and decreed that the rule granted August 25, 1939, be and the same is hereby made absolute insofar as it relates to vacating the order of this Court dated March 24, 1938, which order stayed proceedings relative to the granting of a final decree.

It is further ordered and decreed that the Final Report of the Sterling Hotel Company, filed with the court September 11, 1939, be and the same is hereby referred to David Rosenthal, Special Master, for the taking of testimony, hearing of exceptions and objections now pending before him or hereafter filed with him, either to the re-

port or to the granting of a final decree, and for his report and recommendations to this Court on the matter of granting a final decree, discharging the debtor corporations, and finally closing these proceedings, at least ten days' notice in writing to be given by the Special Master to all parties in interest for the opportunity of filing further exceptions or objections to the Final Report of the Sterling Hotel Company and/or to the granting of a final decree.